**IN THE COURT OF APPEALS OF IOWA**

No. 16-1669
Filed October 25, 2017

**IN RE THE MARRIAGE OF ANNIE M. WALLERT
AND BRIAN E. SCHADE**

**Upon the Petition of
ANNIE M. WALLERT,**
        Petitioner-Appellant,

**And Concerning
BRIAN E. SCHADE,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Carroll County, Gary L.

McMinimee, Judge.


        Annie Wallert appeals the property division provisions of a decree

dissolving her common law marriage to Brian Schade.        **AFFIRMED;**

**EMERGENCY MOTION DENIED.**



        Annie Wallert, Boone, appellant, pro-se.

        Jessica L. Morton of Bruner, Bruner & Reinhart, L.L.P., Carroll, for

appellee.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Annie Wallert appeals the property division provisions of the decree that dissolved her common-law marriage to Brian Schade. Because we find the property division was equitable and because little or no evidence supports Wallert's remaining claims, including that the district court was not listening to her during the trial, or that it relied on Schade's "false" testimony, we affirm.[1]

## I. Background Facts and Proceedings

Wallert and Schade met in 2005 when they began working at the same company. In 2009, Schade won the lottery twice, winning $100,000 and then $250,000. With the lottery winnings, Schade bought a home in 2009, with title in his name alone. By 2010, all of Schade's remaining lottery winnings had been spent on cars, a motorcycle, appliances, and what Schade described as the couple, "[having] a lot of fun." In April 2011, Wallert and Schade entered into a common-law marriage, the status of which is not disputed. Also in 2011, Wallert was awarded approximately $112,000 in a settlement from a workplace wrongful discharge, harassment claim. None of those funds remained at the time of trial.

In 2012, Schade fell behind on his property taxes and received notice the property was to be sold at tax sale. Since there was no money remaining from the lottery winnings or Wallert's settlement, and Schade was not credit worthy to obtain a loan, Schade executed a quit claim deed to Wallert so she could obtain a loan and redeem the home at the tax sale.

---

[1] During the pendency of this appeal, Wallert requested "emergency relief," to give her possession of the home, asserting Schade was allowing it to fall into disrepair. Affirming the district court's granting the home to Schade, we deny her request.

Within one year of the repurchase, Wallert moved out of the house, taking her clothes and laptop computers the couple bought. In 2014, Schade was injured at work and received a workers compensation settlement for $140,000. The money received from the settlement was spent on more vehicles including a Kia and a Ford Taurus. None of the cash from this settlement remained at the time of trial. Wallert filed a petition to dissolve the marriage in November 2015, and the matter proceeded to trial in June 2016.

In September 2016, the district court entered its judgment and decree dissolving the parties' marriage, and denied Wallert's post-trial motion to enlarge the findings, as all issues had been fully addressed in the filed decree. The court awarded Schade the marital home and the furniture, appliances, and other personal property in his possession. Wallert was awarded the Ford Taurus, and any other vehicle in her possession, a laptop computer, all other personal property in her possession, and all bank accounts in her name.

Wallert now appeals, asserting the district court's property distribution was inequitable. She contends the court should have awarded her additional property, including the house. Schade requests appellate attorney fees.

## II. Standard of Review

We review dissolution of marriage cases de novo. *In re Marriage of Veit*, 797 N.W.2d 562, 564 (Iowa 2011). We give weight to the district court's findings, especially its credibility determinations. *In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007). We afford the district court considerable latitude in its property distribution determination pursuant to the statutorily enumerated factors,

and disturb its finding only when the award is inequitable. *In re Marriage of Anliker*, 694 N.W.2d 535, 542 (Iowa 2005).

### III. Property Distribution

Wallert asserts the house is her property because Schade executed the 2012 quit claim deed to her. All property that exists at the time of the divorce, other than gifts and inheritances to one spouse, is divisible property. *In re Marriage of Schriner*, 695 N.W.2d 493, 496 (Iowa 2005); *see also* Iowa Code § 598.21(5) (2015). "Property brought into the marriage by a party is merely a factor to consider by the court, together with all other factors, in exercising its role as an architect of an equitable distribution of property at the end of the marriage." *In re Marriage of Sullins*, 715 N.W .2d 242, 247 (Iowa 2006) (citation omitted). Section 598.21(5) "makes no effort to include or exclude property from the divisible estate by such factors as the nature of the property of the parties, the method of acquisition, or the owner." *Schriner*, 695 N.W.2d at 496.

Upon our de novo review, and in light of all the facts and circumstances of this case, we find the district court's property division fair and equitable. *See* Iowa Code § 598.21(5). As noted above, Schade was awarded the marital home. The district court noted general equity principles indicated the home should be awarded to Schade because he acquired it prior to the marriage, the marriage was relatively short, and the home had depreciated in value. The record also supports the finding the transfer of title by quit claim deed to Wallert made it possible for Wallert to obtain a loan to redeem the property from tax sale for $2658. Therefore, the district court appropriately considered the marital home

as a part of the divisible estate and equitably awarded the home to Schade with other assets awarded to Wallert.

## IV. Remaining Claims

Next, Wallert claims the district court did not listen to her during the dissolution trial, the court relied on improper testimony, and Schade lied under oath. The district court clearly credited some testimony over other testimony and we defer to those credibility determinations. *See In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007) ("Generally, we give considerable deference to the district court's credibility determinations because the court has a firsthand opportunity to hear the evidence and view the witnesses."). There is nothing in the record that leads us to conclude we should question the district court's credibility assessment or that the district court was not listening to Wallert's testimony. The record indicates the district court considered all proper and relevant evidence in its ruling.

## V. Attorney Fees

Schade requests we award him attorney fees on appeal. On a request for appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party requesting the fees was required to defend the district court's decision on appeal. *In re Marriage of Wood*, 567 N.W.2d 680, 684 (Iowa Ct. App. 1997). In light of Wallert's lack of available assets or income, we deny Schade's request.

**VI. Conclusion**

Because we find the property division was equitable and because little or no evidence supports Wallert's remaining claims, we affirm the district court's property distribution.

**AFFIRMED.**